IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **V.** | ) Case No. 2:05-CR-~~180~~ 370-JOF-AJB |
| | ) |
| **JASON WAYNE CHAMBERS** | ) |

<u>**PLEA AGREEMENT AND CONDITIONS**</u>

The United States of America, the defendant and defendant's attorney each hereby acknowledges the following to be the plea agreement between the defendant and the United States and the conditions and understandings that apply to the agreement:

I. <u>PLEA AGREEMENT</u>: The United States and the defendant hereby AGREE to the following:

(a)  <u>Plea</u>: The defendant will plead guilty to the Indictment.

(b)  <u>Understanding</u>: Pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will do the following:

(1) The government recommends that the defendant be given a three-level reduction for acceptance of responsibility and that the defendant be sentenced at the lower end of the sentencing guideline range as that range is determined by the Court.

(2) The government further reserves the full right of allocution.

(c) <u>Factual Basis</u>:

On Wednesday, July 6, 2005, at approximately 1:00 p.m., a letter addressed to the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama, was opened by Deputy Court Clerk Shirley Brown. The letter had been sent through the

mails via the U.S. Postal Service. After opening the letter Ms. Brown noticed white powder had been secured inside th folds of the letter. Ms. Brown notified Deputy U.S. Marshals in the building who immediately contacted the Joint Terrorism Task Force. The Hazardous Materials Team of the Birmingham Fire Department responded and sealed off the area. The wing of the building containing the letter was evacuated and the building's air circulation system was shut down. Initial field tests for anthrax, ricin, chemical off-gassing and radioactivity were all negative. The envelope, letter and powder were transported to the Alabama State Forensics Laboratory in Montgomery for examination. The State lab determined that there were no biological agents in the sample.

The letter was addressed to United States Magistrate Judge Robert Armstrong. The letter read:

> "Dearest Judge Armstrong,
> Since I've been in prison, [sic] I have developed serious facial tic's and fascination with high powered rifles. Upon [sic] my release or ]sic] I inteed [sic] to take target practice on you.
> Jason Chambers
> 219349
> P.S. This could be Anthrax."

The return address indicated the letter had been mailed from JASON WAYNE CHAMBERS, [Inmate} # 219349, Easterling Correctional Facility 6B09, 200 Wallace Drive, Clio, Alabama 36017.

A review of Alabama Department of Corrections records confirmed that the defendant was incarcerated at the Easterling Correctional Facility in Clio, Alabama at the time the letter was mailed and continued to be incarcerated there. The defendant was

2

serving terms of imprisonment ranging from 15 to 21 years for convictions for Burglary 2nd Degree (2 counts); Forgery 2nd Degree, and Receiving Stolen Property 2nd Degree. On Thursday, July 7, 2005, Special Agents Steven Zeringue and Tab Clardy traveled to Easterling Correctional Facility and interviewed the defendant. Prior to the interview, CHAMBERS was advised of his rights and signed a rights waiver form indicating that he understood his rights and wished to talk with the agents without a lawyer present.

CHAMBERS admitted mailing the threatening letter containing the white powder to Judge Armstrong in Birmingham. CHAMBERS said the envelope contained a white powdery substance he had obtained frm a blue can on a cart that came from the prison maintenance room. CHAMBERS said that he sent the letter because he was told by reliable sources, one being his attorney, that Judge Armstrong was responsible for CHAMBERS receiving such a harsh sentence on his state charges. CHAMBERS said that when he is released from prison he plans to carry the threat he made in the letter. CHAMBERS said he plans to obtain a gun and will kill Judge Armstrong. CHAMBERS said he knew the powder he placed in the envelope was not anthrax, but he wanted to get his point across. CHAMBERS said that he has friends inside and outside prison that can obtain a gun for him to use to carry out his threat, but he does not know anyone who has access to anthrax.

CHAMBERS also said that he had recently mailed a letter to President George W. Bush in Washington, D.C. CHAMBERS said that upon his release or escape from prison,

3

President Bush will die. CHAMBERS said he mailed the letter to President Bush about one week prior to the interview, but did not include any powder in that letter.

Without being shown the letter or told of it's contents CHAMBERS was asked to write down what he said in the letter to Judge Armstrong. CHAMBERS wrote a very similar exemplar of the letter sent to Judge Armstrong. That exemplar read:

"Dear Mr. Armstrong,
Since I have been of [sic] Easterling Correctional Facility I have grown relaiton [sic] tic's and fasatnaiton [sic] for high power rifle and upon my realese [sic] or escape I will take target pratice [sic] on you.

p.s. This might be anthrxa [sic]

Jason Chambers
219349."

(d) <u>Restitution</u>: Restitution applies in this case, but determination of any restitution which will be sought will be determined prior to sentencing.

(e) <u>Special Assessment Fee</u>: The defendant will bring to the sentencing a money order or cashier's check in an amount of $100.00, payable to the "Clerk, United States District Court" by virtue of the special assessment requirement of Title 18, United States Code, Section 3013. Immediately upon sentencing the defendant will pay the assessment to the Clerk of the Court.

II. CONDITIONS AND UNDERSTANDINGS: The following conditions and understandings apply to the above stated plea agreement:

## POSSIBLE SENTENCES AND THE GUIDELINES

(1) Maximum Possible Sentences: The defendant is aware of the maximum possible punishments under the Indictment. The defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, and other costs and losses.

(2) Guidelines: Congress has created Sentencing Guidelines which set a sentencing range in this case. These Guidelines take into consideration, among other things, the nature and consequences of the offense, the defendant's role in the offense, other conduct of the defendant and/or coconspirators relevant to the offense, whether the defendant has accepted responsibility, whether the defendant has obstructed justice, and the defendant's criminal record. The Guidelines may require or suggest a variety of punitive measures other than or in addition to simple incarceration.

The defendant and the defendant's attorney are aware of the Sentencing Guidelines and have studied their application to this case. The defendant is aware that the Guidelines can be complicated. The defendant is further aware that the Court ultimately calculates the Guidelines range applicable to this case and is not bound by the defendant's or the United States Attorney's calculations.

The Court may even decide that the recommended sentence is not within the Guidelines range and may not follow the recommendation for that reason. Also, the

Court may, for just cause, impose a sentence above or below the guidelines range, even the maximum possible sentences under the law. The court may, in its discretion, refuse to grant any motion by the government for downward departure based on upon substantial assistance furnished by the defendant.

(3) <u>Non-binding</u>: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(4) <u>Sentencing Information</u>: The United States may make any facts or evidence it deems relevant to sentencing known to the Court. The United States reserves full rights of allocution.

(5) <u>Supervised Release</u>: The defendant is aware that the Court must impose a term of supervised release to commence following the completion of any custodial portion of the defendant's sentence. The defendant understands that violation of the terms of the conditions for supervised release could result in the imposition of additional imprisonment and custodial time to be served.

<u>WITHDRAWAL OF GUILTY PLEA NOT ALLOWED</u>

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the guidelines range, the defendant may not withdraw the plea of guilty.

## FAMILIARITY WITH CHARGES

The defendant is aware of the charges, and has discussed the charges and possible defenses with counsel. The defendant is fully aware of the elements charged in Count One of the Indictment. The defendant has been informed of the necessary proof required of the government for each element of 8 U.S.C. 1326(a) and (b)(2) as stated in of the Indictment.

## ACKNOWLEDGMENT OF GUILT

The defendant is pleading guilty to the charges described above because the defendant is in fact guilty.

## WAIVERS

By pleading guilty the defendant waives and agrees to waive any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The defendant also waives the right to trial by a jury (or by a judge if the defendant elected to be tried by a judge alone). At any such trial the defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the defendant, to present evidence on the defendant's behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify. The United States would have the burden of proving the case against the defendant beyond a reasonable doubt. The defendant would be presumed innocent and could only be convicted if a jury of twelve people (or a judge if the defendant elects to be tried by a judge) unanimously found the defendant to be guilty beyond a reasonable doubt. The

defendant would have the right to appeal a guilty verdict. All these rights and protections are hereby waived. The Defendant further waives right or right to appeal the conviction(s) and sentence as set out subsequently in this agreement.

## WAIVER OF RIGHT TO APPEAL

Defendant's right to an appeal and his right to file a motion pursuant to 28 U.S.C. § 2255 have been explained to him and he understands those rights. As a part of this plea agreement, Defendant knowingly, intelligently, and voluntarily waives right to appeal conviction(s) and sentence, and to challenge conviction and sentence pursuant to 28 U.S.C. § 2255.

_____
Defendant's Signature

## COUNSEL

The defendant has discussed this case at length with defendant's counsel. The defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.

## NON-RELIANCE

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY. The defendant is not relying on any representations from anyone regarding possible parole or

release dates. This document represents the sole agreement and understanding between the defendant and the United States.

## POST SENTENCE ACTIONS

This document in no way limits any response by the United States to post-sentencing actions, including appeals, motions to correct or review sentences, or habeas corpus petitions.

## OTHER DISTRICTS AND JURISDICTIONS

This document **DOES NOT BIND any other United States Attorney** in any other district, nor does it bind state or local authorities.

## TAX PROCEEDINGS

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective proceedings, related to the defendant's **tax liabilities**, if any.

## COMPETENCE

The defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated above.

## ACKNOWLEDGMENTS

1. I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and AGREE with all its provisions both individually and totally.

_9 Feb 06_  _Jason Chambers_
DATE              JASON WAYNE CHAMBERS

2. I have discussed this case with the defendant in detail and have advised the defendant of the defendant's rights and all possible defenses. The defendant has conveyed to me that the defendant understands this document and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

<u>9 Feb '06</u>  
DATE

<u>/s/ David Luker</u>  
DAVID LUKER  
Attorney for Defendant

3. I have reviewed this document and agree to its provisions.

ALICE H. MARTIN  
UNITED STATES ATTORNEY

<u>Feb 6, 2006</u>  
DATE

<u>/s/ Michael W. Whisonant</u>  
MICHAEL W. WHISONANT  
ASSISTANT UNITED STATES ATTORNEY